UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Malachi A. Buswell,<br><br>Plaintiff,<br><br>v.<br><br>Vermont Department of Corrections et al.,<br><br>Defendants. | Civil Action No. 2:26-cv-347 |

**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED *IN FORMA PAUPERIS***
(Doc. 1)

Plaintiff Malachi A. Buswell, a Vermont prisoner proceeding pro se, seeks to bring an action under 42 U.S.C. § 1983 alleging violations of Plaintiff's constitutional rights. The proposed Complaint appears to challenge the actions of Vermont Department of Corrections (DOC) officers[1] and employees during Plaintiff's incarceration. (*See* Doc. 1-5 at 2–3, 5–9.) On October 16, 2026, Plaintiff filed an application to proceed *in forma pauperis* (IFP), or without paying fees or costs, under 28 U.S.C. § 1915. (Doc. 1.)

A court is authorized to permit a litigant to proceed IFP if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). A prisoner seeking to bring a civil action without prepayment of fees must include in his IFP application "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

[1] To the extent Plaintiff seeks to bring this action against the Vermont Department of Corrections, the Court advises Plaintiff that as a general matter the Eleventh Amendment bars suits for money damages against this state entity. *In re Charter Oak Assocs*., 361 F.3d 760, 765 (2d Cir. 2004) (the Eleventh Amendment "has been construed more broadly to render states and their agencies immune from suits brought by private parties in federal court.") (citation omitted).

period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff's application does not include a trust fund statement showing the receipts, expenditures, and balances for the six-month period immediately preceding the filing of the Complaint. At the bottom of Plaintiff's financial affidavit in support of the IFP application, below the line stating, "You must attach to this form a certified copy of your prison or jail account statement for the last six months[,]" Plaintiff wrote: "They are refusing to provide this to attempt to cover up their actions." (Doc. 1-1 at 3.) Plaintiff does not provide any further explanation. (*See id.*) Plaintiff also has not provided the required certification of an authorized official of the facility confirming his financial circumstances. (*See id.*)

Therefore, Plaintiff's application is presently incomplete and insufficient to establish an entitlement to proceed IFP. Because Plaintiff's application does not include the required certification or a trust fund statement for the six-month period immediately preceding the filing of the Complaint, Plaintiff's application for leave to proceed IFP (Doc. 1) is DENIED WITHOUT PREJUDICE.

## CONCLUSION

For the reasons discussed above, Plaintiff's application to proceed IFP (Doc. 1) is DENIED WITHOUT PREJUDICE.

Plaintiff may pay the filing fee of $405.00 or refile his application with an affidavit demonstrating his inability to pay the filing fee and certified by an authorized officer of the facility. Should Plaintiff fail to pay the filing fee or to refile a complete IFP application within 30 days of this order, the undersigned will recommend that this case be dismissed without prejudice.

The Court hereby certifies that, under 28 U.S.C. § 1915(a)(3), any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of November 2026.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge